IRENE ROBBINS v. STATE.

No. A.-9620.   Nov. 2, 1939.

(95 P. 2d 653.)

W. C. Henneberry, of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. 'Gen., and Dixie Gilmer, Co. Atty., of Tulsa, for the State.

DOYLE, P. J. Appellant, Irene Robbins, was convicted and in accordance with the verdict of the jury was sentenced to confinement in the county jail for 30 days and to pay a fine of $50 and the costs, on a charge that she did have in her possession certain intoxicating liquors.

The information charged that in Tulsa county, on the 20th day of May, 1937, Irene Robbins did have in her possession 306 pints of whisky, 44 quarts of whisky and 44 pints of gin, with the unlawful intent to barter, sell and give away the same.

It appears from the record that defendant filed a motion to suppress the evidence, for the reason that the affidavit for the search warrant was not made, and warrant issued and served according to law, which was overruled.

From the judgment rendered in accordance with the verdict, an appeal was taken by filing in this court on April 6, 1939, a petition in error with case-made.

The errors assigned are that the verdict is contrary to law and not supported by sufficient evidence, and that the court erred in overruling defendant's motion to suppress the evidence.

The state relied for this conviction upon the testimony of two witnesses, E. H. King and Howard Gregory, deputy sheriffs. They each testified that in executing a search warrant they went to the residence of the defendant in the city of Tulsa, delivered her a copy of the warrant, made the search and found the liquors described in the information. They each testified they found said liquors in the garage of her home, and they asked her who the liquor belonged to and defendant said it belonged to her.

There was no testimony on the part of the defense.

Upon a careful examination of the complaint or affidavit for the search warrant, and the warrant issued thereon, we find that the contention made that the evidence was obtained in violation of defendant's constitutional rights is without merit in any view of the case.

It follows from the foregoing that the appeal in this case is wholly destitute of merit.

The judgment of the court of common pleas of Tulsa county herein is therefore affirmed.

BAREFOOT and DAVENPORT, JJ., concur.